# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Southern Division)

ZAP LASERS, LLC and

DISCUS DENTAL, LLC,

                              Plaintiffs,

v.

BIOLASE TECHNOLOGY, INC.,

                              Defendant.

Civil Action No:

**SACV-10-416-JVS (RNBx)**

[PROPOSED] PROTECTIVE ORDER

This Protective Order is issued to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any other applicable rules of this Court.  Unless modified, superseded, or terminated pursuant to the terms contained herein, this Protective Order shall remain in effect through the conclusion of the above-captioned action and thereafter as set forth below.

In support of this Protective Order, the parties represented to the Court, and the Court finds, the following:

A.     Documents or information containing confidential research, development,

business, and/or commercial information and/or trade secrets within the meaning of Fed. R. Civ. P. 26(c) ("Confidential Information") are likely to be disclosed or produced during the course of discovery in this Action ("Action," which shall include without limitation this action and any adjunct subpoena proceedings incident hereto before any tribunal);

B.     The parties and non-parties to this Action may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party or non-party disclosing or producing the Confidential Information and/or could place that party or non-party at a competitive disadvantage;

C.     Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or non-party producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

D.     To protect the respective interests of the parties and non-parties, and to facilitate the progress of disclosure and discovery in this Action, the following Protective Order should issue.

**IT IS THEREFORE HEREBY ORDERED THAT:**

1.     This Protective Order shall apply to all information, documents and things subject to discovery in this Action produced either by a party or non-party in discovery in this Action, including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from the inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

2.     Discovery Material containing Confidential Information is referred to as "Confidential Material."  The following information is not Confidential Material:

a.     any information that at the time of disclosure to a receiving party is in the public domain;

b.  any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of non-inadvertent publication that does not involve a violation of this Protective Order;

c.  any information that the receiving party can show by dated written records was already known to it prior to the disclosure; and

d.  any information that the receiving party can show by dated written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

## Designation of Material

3.  In determining the scope of information which a party or non-party may designate as Confidential Material, each party or non-party shall make such designations, and shall respond to requests to permit further disclosure of Confidential Material, in good faith and so as not to impose burden or delay on a receiving party or for tactical or other advantage in this Action.

4.  Except as provided in paragraph 5, the producing party or non-party shall designate each document or thing it deems to be Confidential Materials as follows: "**CONFIDENTIAL**."

5.  The producing party or non-party may designate as "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" those Confidential Materials which contain Confidential Information that is especially sensitive and could cause the party or non-party to suffer significant competitive harm if disclosed to an unauthorized person.  Examples of such especially sensitive Confidential Materials include but are not limited to pending but unpublished patent applications, information concerning research, development, and other activities related to released or unreleased products, strategic business planning information, legal communications with outside entities, customer lists, marketing and sales information, financial information, license

3

agreements, and other highly confidential technical, proprietary, research, and development information.

6.     A document or thing to be produced bearing the designation "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" shall be so marked on its face (or in equivalent format if produced in native electronic format) by the producing party or non-party before the document or thing is produced.

7.     Where testimony is given at a deposition, and no designation is made at the deposition, such testimony shall be deemed "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**," until the expiration of ten (10) calendar days after the transcript of the testimony is provided by the court reporter.   Pages, or entire transcripts, of the deposition testimony may be designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" by an appropriate statement either at the time such testimony is given or by written notification within the ten (10) calendar day period.   If the testimony is not otherwise designated at the time of the deposition or the ensuing ten (10) calendar day period, it will be deemed not to contain Confidential Material, unless a Court orders otherwise.

8.     Written discovery responses and the information contained therein may be designated as containing "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" information by a statement, made at the beginning of the document or before each response that contains such information, specifying the level of designation of the Confidential Information.

9.     Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above may be designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" information by informing the receiving party of the designation in writing.

10.     If documents or things are made available for inspection before production of copies of selected items, such documents or things initially shall be deemed

4

"**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" unless otherwise designated at the time of inspection and shall be subject to this Protective Order. Thereafter, the producing party shall have thirty (30) days to review and designate the documents as set forth in paragraph 6 above prior to furnishing copies to the receiving party.

11.   Where Confidential Material has been produced without designation, or bearing a mis-designation, the producing party may correct this through written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the document or thing in the manner designated in the written notification, and such document or thing shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated any Confidential Material to individuals not authorized to receive it hereunder, the receiving party shall make reasonable efforts to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the Confidential Material.  In addition, the receiving party shall immediately notify the producing party of such dissemination.

### Restrictions on Use and Disclosure of Confidential Materials

12.   The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.

13.   Confidential Materials and the Confidential Information contained therein shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

14.   Confidential Material designated as "**CONFIDENTIAL**" and any information contained therein shall be disclosed only to the following persons:

a.    Outside counsel of record in this Action for the receiving party, including lawyers employed by local or trial counsel who are working on this Action;

b.    Employees and agents of counsel qualified under paragraph 14a, including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons (provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case): independent legal translators retained to translate in connection with this Action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this Action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action; non–technical jury or trial consulting services provided such individuals agree to be bound by this Protective Order, and mock jurors provided (i) they execute the attached Undertaking prior to receipt of Confidential Materials and (ii) they are not allowed to retain a copy of any Confidential Materials;

c.    The Court, its personnel and stenographic reporters;

d.    Members of the jury in this Action;

e.    Any appellate court with jurisdiction over an appeal in this Action;

f.    At a deposition or hearing, any person who authored or previously received the Confidential Material and, subject to timely objection (including objection that such person is not internally authorized to receive such information), any person currently employed by the producing party or non-party;

g.    Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who is engaged by counsel of record in this Action or the parties to this Action, whether or not such expert or consultant is paid directly by a party, provided however that disclosure to such persons shall be made only after they first cleared the requirements set forth in paragraph 16 below; and

h.    For each party, one (1) designated in-house counsel who is responsible for supervising or assisting in the defense of this Action may view materials or information designated as "**CONFIDENTIAL**" by a producing party or non-party.

15.    Confidential Material designated as "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" and any information contained therein may be disclosed only to those persons identified above in paragraphs 14(a) through 14(g), and subject to the provisions of paragraph 16 below.

16.    Counsel for the parties intending to disclose Confidential Materials to experts, consultants, or employees and/or assistants under the control of such expert or consultant (collectively, "Experts") specified in paragraph 14(g) above shall first obtain a signed Undertaking, in the form of Exhibit A attached hereto, from each such persons, and such counsel shall retain in their files the original of each such signed Undertaking. A copy of the signed Undertaking from any Experts shall be forwarded to opposing counsel with the current curriculum vitae for the expert or consultant, along with a statement identifying all entities with whom the expert or consultant has worked in the last five (5) years.  No Confidential Materials designated under this Order shall be disclosed to such Experts until after seven (7) calendar days commencing with the service of a copy of the executed Undertaking and curriculum vitae (from expert or consultant).  Moreover, if during those seven (7) calendar days opposing counsel objects to such disclosure, there shall be no disclosure of Confidential Materials to such

7

Experts except by mutual agreement of the parties or order of the Court.  The party or non-party opposing disclosure of such Confidential Materials shall have the burden of filing a motion with the Court for a Protective Order opposing such disclosure within seven (7) calendar days after providing notice of the objection to such disclosure.

17.    Nothing in this Protective Order shall prevent or otherwise restrict counsel of record from advising their client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Confidential Material; provided, however, that in rendering such advice such counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Protective Order.

18.    The restrictions on the use of Confidential Materials established by this Protective Order apply only to the use of information received by a party from another party or a non-party to this Action.  A party is free to use as it pleases its own information or information that it lawfully obtained outside the discovery process in this Action.

**Court Filings**

19.    In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Outside Counsel Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**Challenges to Confidentiality Designations**

20.    The acceptance by a party of documents or things produced with a confidentiality designation under this Order shall not constitute an agreement, admission, or concession, or permit an inference, that the material(s) are in fact

1  properly the subject for protection under Fed. R. Civ. P. 26(c), or some other basis.

2  Documents produced with a confidentiality designation under this Order shall be

3  treated in accordance with the provisions of this Protective Order, except that any party

4  may at any time seek an Order from the Court, in strict compliance with Local Rules

5  37-1 and 37-2 (including the Joint Stipulation requirement), determining that specified

6  information or categories of information have been improperly designated, provided

7  that before making such a motion the parties shall meet and confer in good faith to

8  resolve any differences over the designation.  In response to such a motion, the party

9  asserting confidentiality shall have the burden of proving that the Confidential Material

10 in question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or, as the case

11 may be, that the confidentiality designation is necessary under the circumstances.  A

12 party shall not be obligated to challenge the propriety of a designation of Confidential

13 Material at the time made, and failure to do so shall not preclude subsequent challenge.

14 Should any party seek an Order from the Court to determine whether specified

15 information or categories of information are not properly designated the claimed

16 designation shall remain operative and respected by all the parties and non-parties

17 pending the Court's ruling.

18              **Discovery and Evidentiary Rules Remain Unchanged**

19      21.    Nothing in this Protective Order shall require disclosure of material that a

20 party or non-party contends is protected from disclosure by the attorney-client

21 privilege, the attorney work-product immunity, or any other applicable privilege or

22 immunity, nor preclude any party from moving the Court for an Order directing the

23 disclosure of such material by such party or non-party.  Nor shall anything in this

24 Protective Order be deemed a waiver of any objections to discovery requests served by

25 the parties or shall change the timing of responses to discovery requests, which shall be

26 governed by the applicable local and federal rules.

27

28

## <u>Disclosure of Privileged / Protected Materials—No Waiver</u>

22.    The inadvertent production or disclosure of documents, things, or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall neither waive nor prejudice any claim that such or related material is privileged or protected by any applicable privilege or immunity, provided the producing party notifies the receiving party in writing promptly after discovering such production.  Such produced documents, things, or information, including all copies thereof, shall be returned to the producing party immediately upon request.  No use shall be made of such documents, things, or information during deposition or at trial, nor shall such documents, things, or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  Should a privileged or protected document, thing, or information be produced inadvertently, the producing party shall then provide a withheld document log identifying such produced document or thing.  The receiving party may move the Court for an Order compelling production of any produced document, thing, or information, but the motion shall not assert as a ground for production the fact of the production nor shall the motion disclose the content of the produced document, thing, or information (beyond any information appearing on the above-referenced log) in any way in connection with any such motion.

23.    In the event of any disclosure of another party's Confidential Material contrary to the terms of this Protective Order, counsel for the party responsible for the disclosure shall immediately provide all pertinent facts to counsel for the party that originally produced the Confidential Material, and counsel for the party responsible for the disclosure shall make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and attempting to secure the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

NY2 - 547461.01                         STIPULATED PROTECTIVE ORDER – Civil Action No. SACV-10-416-JVS (RNBx)

## Modification / Amendment of this Order

24.     This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing among themselves to modifications of this Protective Order.

25.     In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

## Production of Documents Under Third-Party Confidentiality Obligations

26.     During the course of this Action, a party may be requested to produce to another party Confidential Material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request.   The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of non-party's Confidential Material under the terms of this Protective Order and shall inform the non-party of the contents of this Protective Order and specifically this paragraph.  If the non-party consents to the disclosure of non-party's Confidential Material to the requesting party, the Confidential Material shall be produced in accordance with this Protective Order.  If the non-party does not consent to disclosure of its Confidential Material under the terms of this Protective Order, the party subject to such contractual or other obligation of confidentiality shall promptly notify the requesting party in the Action in writing of that non-party's refusal to consent, including an identification of the refusing non-party.  This Protective Order shall not preclude any party from moving the Court for an order compelling production of such Confidential Material.

### Return of Confidential Materials

27.   Within sixty (60) calendar days after the final termination of this Action, including any appeals, all "**CONFIDENTIAL**" and "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" materials, produced by any party or non-party, and all copies of such information, shall be returned to the producing party or non-party, or counsel of record shall certify in writing that such Confidential Materials have been destroyed.   Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, and expert reports designated "**CONFIDENTIAL**," "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY,**" or incorporating Confidential Materials designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" only.

### Confidentiality Obligations Survive

28.   This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this Action, unless otherwise ordered by the Court.

### Court Retains Jurisdiction

29.   This Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Materials under the terms of this Protective Order, with respect to any dispute over the prohibited use or disclosure of such Confidential Materials.

30.   No copy of any transcript of any deposition which is designated, in part or in whole, as Confidential Material under this Order shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition.   If the original of any transcript of any deposition designated pursuant to this Order must be filed, it shall be filed with the Court under seal in accordance with paragraph 19 hereof, unless otherwise agreed by the producing party.

**Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

31.     If a party receiving Confidential Material is served with a subpoena, a notice of subpoena or an order issued in other litigation that would compel disclosure of any materials it received in this Action, the subpoenaed receiving party must notify the producing party in writing as soon as practicable and in no event more than ten (10) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

32.     The receiving party also must immediately inform the subpoenaing party who caused the subpoena or order to issue in the other litigation that some or all the material requested by subpoena or other order is subject to this Protective Order and provide a copy of this Protective Order to the subpoenaing party.

33.     The purpose of paragraphs 31 and 32 is to inform the interested parties of the existence of this Protective Order and to afford the producing party in this action an opportunity to seek protection for its Confidential Materials in the court issuing the subpoena or order.  The producing party shall bear the burden and expense of seeking protection in that court.

34.     Nothing in this Order shall be construed to authorize a party to disobey a lawful subpoena issued in another action.

**This Protective Order Applies to Confidential Materials Produced By Non-Parties**

35.     The terms of this Protective Order shall be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

**Trial**

36.     The parties agree to meet and confer to attempt to agree upon procedures to govern Confidential Materials at trial.

//

//

//

13

1

## **Agreement of the Parties**

2          37.     By affixing their signatures below, the parties agree to abide by the terms

3   of this Stipulation until this Protective Order or a further protective order is entered by

4   the Court.

5

6

7   IT IS SO ORDERED.

8

9

10   _____          Dated: <u>June 9, 2010</u>

11   U.S. Magistrate Judge Robert N. Block

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

Approved as to form and submitted jointly by:

By: /s/  Todd J. Tiberi                          By: /s/  Mark A. Finkelstein

Todd J. Tiberi                                   Mark A. Finkelstein
(State Bar No. 243,967)                          (State Bar No. 173,851)
DISCUS DENTAL, LLC                               Jones Day
8550 Higuera Street                              3161 Michelson Drive, Suite 800
Culver City, CA  90232                           Irvine, CA  92612
Tel.:  310-845-8346                              Tel.:  949.553.7502
Fax.:  310-845-1513                              Fax:  949.553.7539
Email:  ttiberi@discusdental.com                 Email:  mafinkelstein@jonesday.com

                                                 COUNSEL FOR DEFENDANT
John A. Squires                                  BIOLASE TECHNOLOGY, INC.
(admitted *pro hac vice*)
John M. Hintz
(admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112-0127
Tel.:  212-408-5100
Fax:  212-541-5369
Email:  jsquires@chadbourne.com
        jhintz@chadbourne.com

COUNSEL FOR PLAINTIFFS
ZAP LASERS, LLC and
DISCUS DENTAL, LLC

15

## EXHIBIT A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAP LASERS, LLC and | |
| DISCUS DENTAL, LLC, | |
| Plaintiffs, | Civil Action No:  SACV-10-416-JVS |
| v. | (RNBx) |
| BIOLASE TECHNOLOGY, INC., | PROTECTIVE ORDER |
| Defendant. | UNDERTAKING |

I, _____ declare that:

1.     I reside at the following address:

_____.

2.     My present employer is _____,

and the address of my present employer is

_____.

3.     My present occupation or job description is

_____.

4.     I have received and carefully read the Protective Order in this Action, and
I understand its provisions.  As a condition to receiving any Confidential Materials, as
that term is defined in the Protective Order, I agree to subject myself to the personal
jurisdiction of the United States District Court for the Central District of California for
the enforcement of the provisions of that Protective Order.  I understand that I am
obligated, under the Order of the Court, to hold in confidence and not to disclose the
contents of any document or thing marked or designated as "**CONFIDENTIAL**" or
"**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" to anyone other than
those persons identified in paragraphs 14 and 15 of the Protective Order who are

qualified to review such information.  I further understand that I am not to disclose to persons other than those persons identified in paragraphs 14 and 15 of the Protective Order any words, substances, summaries, abstracts, or indices of Confidential Materials or transcripts disclosed to me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.      At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record in this Action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and I will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Dated Executed:     _____


Signed Name:        _____


Printed Name:       _____

17