1  Jay R. Henneberry (State Bar No. 135065)
   CHADBOURNE & PARKE LLP
2  350 South Grand Avenue, 32nd Floor
3  Los Angeles, CA  90071
   Tel.: 213-892-1000
4  Fax: 213-892-2045
5  Email: jhenneberry@chadbourne.com

6
   John A. Squires (admitted *pro hac vice*)
7  John M. Hintz (admitted *pro hac vice*)
   CHADBOURNE & PARKE LLP
8  30 Rockefeller Plaza
9  New York, NY  10112-0127
   Tel.: 212-408-5100
10 Fax: 212-541-5369
11 Email: jsquires@chadbourne.com
           jhintz@chadbourne.com
12
13 Counsel for Plaintiff DISCUS DENTAL, LLC

14                    **UNITED STATES DISTRICT COURT**

15                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16  DISCUS DENTAL, LLC, | Civil Action No:  SACV-10-416-JVS (RNBx) |
| 17           Plaintiff, | **DISCUS DENTAL, LLC'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37 REGARDING PLAINTIFF'S MOTION TO WITHDRAW AND AMEND DISCOVERY RESPONSES** |
| 18  v. | |
| 19  BIOLASE TECHNOLOGY, INC., | |
| 20           Defendant. | |
| 21  | Date: June 7, 2011, but removed from calendar by May 18, 2011 Order (Docket Entry #60) |
| 22  | |
| 23  | Time: 1:30 p.m. |
| 24  | Courtroom: 10C |
| 25  | Discovery Cutoff Date: June 6, 2011 |
| 26  | Pretrial Conference Date: October 31, 2011 |
|     | Trial Date: November 15, 2011 |
| 27 | |
| 28 | |

In its portion of the joint stipulation, Biolase asserts that "at a minimum, Discus should have filed this motion after Biolase filed its Motion for Partial Summary Judgment over seven weeks ago." (Docket Entry #59, Joint Stip. at 13). In fact, Discus began the process of withdrawing and amending its responses on April 19 – more than a month ago and more than seven weeks before the close of fact discovery – when counsel for Discus informed counsel for Biolase that Discus intended to withdraw and amend its responses. (*See Id.* Exhibit E).

Biolase raises the specter of Rule 11 in its portion of the joint stipulation (*Id.* at 13), but Biolase does not make an argument that Discus violated Rule 11. This is because Biolase knows that it has no basis to do so, for as Biolase points out: "this Court already ruled that 'all of this evidence [about secondary meaning] ... was in Discus's possession not only before its August 13, 2010 admissions, but also before it filed its FAC [First Amended Complaint] on May 18, 2010.' Ex. K, at p. 4." (Docket Entry #59, Joint Stip. at 10). Biolase thus knows that Discus did not violate Rule 11 because Discus had a good faith basis on which to make allegations related to secondary meaning when Discus filed its Complaint and when Discus filed its First Amended Complaint.

Biolase also knows why Discus made the responses to the requests for admission at issue here because counsel for the parties discussed it during the meet and confer process related to the joint stipulation – at the time Discus made the responses at issue, Discus was focused on whether there was <u>survey</u> evidence to support finding that the trade dress at issue has attained secondary meaning. At that time, there was no such survey evidence, and thus, Discus responded as it did. But, of course, there was other, non-survey, evidence that supports a finding of secondary meaning that was in Discus' possession then (and there was additional evidence that was uncovered later during discovery that supports a finding of secondary meaning).

Discus already has supplemented and amended the responses at issue, responses to Request for Admission Nos. 9 and 10, as required under Rule 26(e)(1). (*See* Docket Entry #59, Joint Stip. Exhibit G). Discus did this before Biolase had taken any depositions and well before the June 6 close of discovery (*see Id.* Exhibit A at 16). Because Biolase insisted that a motion under Rule 36(b) was required, Discus filed a joint stipulation seeking to withdraw its previous responses. (*See* Docket Entry #59).

Biolase asserts that "Discus' claim of trade dress infringement will not be advanced by amendment of Discus' responses and Discus cannot meet the first prong of the test for determining whether discretionary relief is warranted." (Docket Entry #59, Joint Stip. at 11). But as Biolase's own cited case explains, "[t]he first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). It is beyond question that preventing Discus from withdrawing and amending its responses would prevent Discus from presenting evidence on the issue of secondary meaning – a complete bar to Discus presenting such evidence does not "practically eliminate any presentation" on the merits, it totally eliminates presentation on the issue. The first part of Rule 36(b) is satisfied.

As to the second prong under Rule 36(b), whether the other party will be prejudiced, Biolase asserts that it will be prejudiced if Discus is permitted to withdraw and amend its responses. Specifically, Biolase asserts:

> Biolase has based its discovery requests and litigation strategy on Discus' admissions early in the case that it did not have evidence of secondary meaning, despite making that allegation in its Complaint. Discus' about-face less than a month before the close of discovery and after the time period has lapsed to serve additional written discovery will unduly prejudice Biolase's ability to defend itself at trial.

(Docket Entry #59, Joint Stip. at 12). But Biolase has, in fact, taken discovery on the issue of whether there is evidence of secondary meaning for the trade dress at issue. Biolase's very first set of requests for production of documents, served on June 18, 2010, contained requests on this topic. (*See* "Biolase Technology, Inc.'s Request for Production of Documents and Things to Plaintiff Discus Dental LLC (Set One)," Request Nos. 68 and 69). Moreover, Biolase has asked about this topic at every deposition it has taken to date. (*See, e.g.*, Luo Rough Tr. 137-43 (questioning whether dentists associate the shape of the Styla laser with Discus and questioning about the awards Styla has obtained); DiSessa Rough Tr. 154, 186-87 (questioning whether dentists recognize the shape of the NV laser); Boitor Rough Tr. 100-01 (questioning whether dentists recognize the shape of the NV laser)). Moreover, Discus has produced documents showing the extensive advertising of the trade dress at issue and the awards given to the product having that trade dress. (*See* Docket Entry #40, "Declaration of Jonathan Luo in Support of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment," ¶¶ 8-13).

Even if Biolase somehow had changed its discovery plans based on Discus' responses – which it did not – Biolase did so with full knowledge that Discus intended to withdraw its responses because Discus advised Biolase of this fact on April 19 (prior to Biolase taking any depositions), counsel for both parties had a "meet and confer" on the issue on April 27 (prior to Biolase taking any depositions), Discus served amended responses to the reqeusts for admission at issue on April 28 (prior to Biolase taking any depositions), and Discus served its portion of the joint stipulation on this issue on April 29 (prior to Biolase taking any depositions).

Discus timely raised the issue of withdrawing its responses. *See Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) (finding no prejudice because the motion under Rule 36(b) was made before trial); *Hadley v. United States*, 45 F.3d 1345, 1348-49 (9th Cir. 1995) (explaining that denials of motions to withdraw admissions based on prejudice are often due to the motion being brought just before or even at trial).

3

Biolase has the burden of proving that it will be prejudiced. *Hadley*, 45 F.3d at 1348 (citing *FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994)). Biolase has failed to do so. Biolase has not suffered and will not suffer any prejudice if Discus is permitted to withdraw and amend its responses.

As for Biolase argument that Discus' counsel said that Discus would not voluntarily allow Biolase to serve additional discovery, the additional discovery Biolase sought related to the reason for the changes in Discus' responses, not the underlying facts necessitating those changes. Discus has provided, and of course will continue to provide, discovery on the facts underlying whether the trade dress at issue has attained secondary meaning, the subject of the requests for admission at issue.

Both prongs of Rule 36(b) are satisfied. Discus should be permitted to withdraw its prior responses and amend and modify those responses. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 880 F. Supp. 718, 742 (C.D. Cal. 1994) ("As Sage notes, amendment does not turn on whether it has a good excuse, but on whether the presentation of the merits of the action will be served thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits."), *aff'd* 126 F.3d 1420 (Fed. Cir. 1997).

For the foregoing reasons, Discus respectfully requests that this Court grant Discus' motion to withdraw and modify its responses to Biolase's Requests for Admission Nos. 9 and 10.

Dated: May 24, 2011                             By:   /s/ Jay R. Henneberry

        Jay R. Henneberry
        (State Bar No. 135065)
        CHADBOURNE & PARKE LLP
        350 South Grand Avenue, 32nd Floor
        Los Angeles, CA  90071
        Tel.:  213-892-1000
        Fax:  213-892-2045
        Email:  jhenneberry@chadbourne.com

| | |
|---|---|
| 1 | |
| 2 | John A. Squires (admitted *pro hac vice*) |
| 3 | John M. Hintz (admitted *pro hac vice*) |
|   | CHADBOURNE & PARKE LLP |
| 4 | 30 Rockefeller Plaza |
|   | New York, NY  10112-0127 |
| 5 | Tel.: 212-408-5100 |
| 6 | Fax: 212-541-5369 |
|   | Email:  jsquires@chadbourne.com |
| 7 | jhintz@chadbourne.com |
| 8 | COUNSEL FOR PLAINTIFF |
| 9 | DISCUS DENTAL, LLC |